U.S. District Court
Wisconsin Eastern
MAR 5 2019
FILED
Stephen C. Dries, Clerk

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

United States of America
v.

CHRISTOPHER D. BANIA (d.o.b. XX/XX/93)

*Defendant(s)*

Case No. 19-M-643

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 28, 2019 in the county of Brown in the Eastern District of Wisconsin & elsewhere, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1)and 841(b)(1)(C) | possession with the intent to distribute a mixture and substance containing 3,4methylenedioxymethamphetamine ("MDMA") , a Schedule I controlled substance. |

This criminal complaint is based on these facts:

Please see the attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Narcotics Investigator Marc Shield

*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 5, 2019

*Judge's signature*

City and state: Green Bay, Wisconsin

Honorable James R. Sickel

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT & ARREST WARRANT**

Marc Shield, being first duly sworn, states that:

**Background**

1. I have been employed as a Sheriff's Deputy with the Brown County Sheriff's Office since May of 2013. I have been assigned as a Narcotics Investigator with the Brown County Drug Task Force since August of 2015. I have received specialized training and have experience in investigating controlled substance violations. I have investigated over 30 cases involving the distribution of controlled substances via common carriers.

**Basis for Information in Affidavit**

2. The information contained in this affidavit is based upon my personal knowledge and investigation, and information supplied to me by other law enforcement officers including the United States Postal Inspection Service and United States Customs and Border Protection, all of whom I believe to be truthful and reliable. Based on my investigation and the information supplied to me by other law enforcement personnel, I have probable cause to believe the following regarding CHRISTOPHER DAVID BANIA, M/W, 11-24-1993.

**Facts Establishing Probable Cause**

3. On February 21, 2019, United States Customs and Border Protection (CBP) seized two international parcels from Belgium addressed to CHRISTOPHER D. BANIA, M/W, 11-24-1993 of 4006 Frobisher Fields in the Village of Hobart, Brown County, in the State and Eastern District of Wisconsin.

On February 22, 2019, the Brown County Drug Task Force took custody of the two parcels seized by CBP addressed to BANIA. The parcels contained the following:

- 123.07 grams of a brown powder which field tested positive for the presence of 3,4methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance. Based on my training and experience, the powder was consistent with MDMA. The amount of MDMA present was consistent with distribution level amounts.
- 124.53 grams of a brown powder consistent with MDMA, based on my training and experience, and 14.13 grams of a white powder which field tested positive for the presence of fentanyl, a Schedule II controlled substance. The amount of fentanyl was consistent with distribution.

4. On February 28, 2019, Investigators from the Brown County Drug Task Force, Special Agents from the Wisconsin Department of Justice – Division of Criminal Investigation, Special Agents from the Drug Enforcement Administration, and Police Officers from the Oneida Police Department and Hobart Lawrence Police Department served a search warrant at 4006 Frobisher Fields in the Village of Hobart, Brown County, Wisconsin.

During the search warrant, BANIA was located at the top of the stairs leading to the basement. No other individual was located inside the residence.

The following items of evidentiary value were located in the basement bedroom identified as belonging to BANIA:

a. Numerous financial and personal documents addressed to CHRISTOPHER BANIA.
b. Packaging material including large vacuum sealed bags consistent with drug distribution.

c. Digital scales with residue consistent with drug distribution.

d. A bag of vinyl gloves. The presence of gloves is consistent with BANIA protecting himself while re-packaging and distributing controlled substances.

e. Multiple measuring spoons. The presence of measuring spoons is consistent with BANIA measuring the controlled substances prior to distribution.

f. Multiple "drug ledger" notebooks detailing BANIA's Bitcoin transactions with excerpts which included references to the following controlled substances:

   i. "MDMA"

   ii. "Coke"

   iii. "Bolivian Cocaine"

   iv. Various strains of marijuana including "OG Kush," "Midnight Dream," and "Mixed Weed"

   v. "Vyvanse"

   vi. "DMT"

g. These ledgers also contained evidence reflecting that the defendant was obtaining controlled substances via the "dark web" and distributing those substances for profit.

h. Multiple United States Postal Service shipping receipts, shipping labels, packaging material, and stamps indicating BANIA was receiving controlled substances and distributing to others using Bitcoin.

Case 1:19-mj-00643-JRS Filed 03/05/19 Page 4 of 7 Document 1

i. 2,777.22 grams of green plant-like material consistent with marijuana. A sample of the material field tested positive for THC. The amount of marijuana was consistent with distribution, based on my training and experience.

i. 324.31 grams of a material consistent with MDMA. A sample of the material field tested positive for MDMA. The amount of MDMA was consistent with distribution, based on my training and experience.

j. 128.14 grams of unknown material which field tested inconclusive for common controlled substances.

k. 77.46 grams of wax-like material consistent with hash oil. A sample of the material field tested positive for THC. The amount of hash oil was consistent with distribution, based on my training and experience.

l. 7.02 grams of a material consistent with amphetamine. A sample of the material field tested positive for the presence of amphetamine. The amount of amphetamine was consistent with distribution, based on my training and experience.

m. 6.77 grams of a material consistent with cocaine. A sample of the material field tested positive for the presence of cocaine. The amount of cocaine was consistent with distribution, based on my training and experience.

n. 0.61 grams of a material consistent with LSD. A sample of the material field tested positive for the presence of LSD. The amount of LSD was consistent with distribution, based on my training and experience.

o. 0.02 grams of heroin/fentanyl. A sample of the material field tested positive for the presence of heroin and fentanyl. The amount of heroin/fentanyl was consistent with personal use, based on my training and experience.

p. Five vials of liquid Testosterone Enanthate, a Schedule III controlled substance.

q. Five vials of Nandrolone Decanoate, a Schedule III controlled substance.

r. One vial of Ketamine, a Schedule III controlled substance.

s. 79 Carisoprodol pills, a Schedule IV controlled substance.

t. 43 Modafinil pills, a Schedule IV controlled substance.

u. 17 pieces of Alprazolam (Xanax) pills, a Schedule IV controlled substance.

(Items p-u were identified by their labeling or by utilizing the reference website www.drugs.com which I have used to receive accurate and reliable information in the past)

v. A nearly full bag of 10,000 empty yellow gelatin capsules, a nearly full bag of 10,000 empty blue gelatin capsules, approximately 1/8 full bag of 10,000 red gelatin capsules, a full bag of 10,000 red gelatin capsules, and an approximately ¼ full bag of 10,000 yellow gelatin capsules which is indicative of BANIA filling the capsules with controlled substances prior to distribution.

w. Multiple glass pipes with burnt residue consistent with methamphetamine pipes.

x. Multiple grinders and ceramic pipes consistent with marijuana use.

y. $50,332.00 of US currency which is consistent with drug proceeds. Single purpose drug K9 "Dart" alerted and indicated to the odor of drugs on the US currency.

13. Based upon the foregoing information and my training and experience, I believe there is probable cause to believe that CHRISTOPHER DAVID BANIA, M/W, 11-24-1993 possessed with the intent to distribute a mixture and substance containing 3,4methylenedioxymethamphetamine ("MDMA"), a schedule I controlled substance, all in violation of Title 21 United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

14. Because this affidavit is offered for the limited purpose of supporting the criminal complaint and arrest warrant for CHRISTOPHER DAVID BANIA, M/W, 11-24-1993, I have not set forth every fact known to me regarding this incident. Rather, I have included only those facts which I believe establish probable cause.

Affiant Marc Shield

Subscribed and sworn to before me
this 5 day of March, 2019.

James R. Sickel
Notary Public U.S. Magistrate Judge
My commission expires: Tenure.

Case 1:19-mj-00643-JRS Filed 03/05/19 Page 7 of 7 Document 1